UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WESLEY BURRESS, in his Individual Capacity and as Trustee of the Wesley Burress Trust Dated November 1, 2006,<br><br>    Plaintiff,<br><br>  v.<br><br>JULIE BUESING,<br>BUTCH BUESING,<br><br>    Defendants.<br>_____<br><br>JULIE BUESING,<br><br>    Counter Claimant,<br><br>  v.<br><br>WESLEY BURRESS, in his Individual Capacity and as Trustee of the Wesley Burress Trust Dated November 1, 2006,<br><br>    Counter Defendant. | No. 2:18-cv-00358-JPH-DLP |

**Order on Motion for Protective Order**

This matter comes before the Court on the Parties' Joint Motion to Enter Stipulated Protective Order (Dkt. 55). The Motion has been referred to the Undersigned for a ruling. For the reasons discussed below, the Parties' Motion is **DENIED**.

Under Federal Rule of Civil Procedure 26(c), litigants are permitted to seek protective orders to guard against public disclosure of relevant and discoverable

material. Courts have a duty, however, to ensure that all proposed protective orders strike a proper balance between the public's interest in accessing non-confidential information and the parties' interest in maintaining confidentiality with regard to materials unsuited for public disclosure. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).[1] Here, the Parties maintain that this procedural device is necessary to protect the confidentiality of particularly sensitive information. Before issuing the requested protective order, the Court must independently determine whether "good cause" exists to issue the order. *Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 (S.D. Ind. 2002); *see also,* Fed. R. Civ. P. 26(c)(1)(G); *Citizens*, 178 F.3d at 944–45. A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements. 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2035, at 483–86 (2d ed. 1994). Without this independent determination of good cause, the Court is essentially giving the parties *carte blanche* to seal or protect whatever information they desire. *See Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 422 (S.D. Ind. 2001) (citing *Citizens* 178 F.3d at 945).

When reviewing a proposed protective order this Court must ensure that

> (1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and

---

[1] Although pretrial discovery is usually conducted in private, the Seventh Circuit has endorsed a presumption of public access to discovery materials. *See, Felling v. Knight*, IP 01–0571–C–T/K, 2001 WL 1782360, *2 (S.D. Ind. Dec. 21, 2001) (citing *Citizens*, 178 F.3d at 945).

> will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents.

*Pierson*, 205 F.R.D. at 647 (citing *Citizens*, 178 F.3d at 946); *see also Brown v. Automotive Components Holdings, LLC.*, No. 1:06–cv–1802–RLY–TAB, 2008 WL 2477588 (S.D. Ind. June 17, 2008). The Court's evaluation of a proposed protective order need not be made on a document-by-document basis, if the Court is able to determine from the language of the proposed order that the parties know which category of information is legitimately confidential and that the parties are acting in good faith in deciding which documents should be protected. *Citizens*, 178 F.3d at 946. Using qualifiers such as "private," "confidential," or "proprietary" to describe the protected information, without more description, fails to assure the Court that the parties will be making good faith and accurate designations of information." *Pierson*, 205 F.R.D. at 647.

The Parties' proposed protective order fails to satisfy the first and second prongs of the above standard. The parties have defined the scope of the protective order to include "personal financial and non-financial information, non-public and confidential business information, and other financial data." [Dkt. 55-1 at 1.] These descriptions are too vague and do not meet the standard set out in *Citizens*. Personal financial and non-financial records, without more, are not categories of confidential information. *See Pierson*, 205 F.R.D. at 647. Additionally, this Court has held that parties cannot protect information just by adding qualifiers, such as "non-public" or "confidential." *See id.* Finally, the description of "other financial

data" is too vague and would amount to "an impermissible *carte blanche* discretion by the parties." *Id.* at 647–48.

The parties have not satisfied the requirements of *Citizens*, and, therefore, the Court **DENIES** the Parties' Joint Motion to Enter Stipulated Protective Order. The Parties may file another protective order for the Court's consideration that meets the requirements of *Citizens*.

So ORDERED.

Date: 1/10/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.